UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICROHITS, INC., *et al.*, ) <br> ) <br> *Plaintiffs* ) <br> v. ) <br> ) <br> MEGAUPLOAD, LTD., *et al.*, ) <br> ) <br> *Defendants* ) | No. 1:12-cv-327 <br> (LO/IDD) |

**BRIEF IN SUPPORT OF EMERGENCY MOTION
OF DEFENDANTS KIM DOTCOM AND MEGAUPLOAD LTD
FOR A SECOND EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

Pursuant to Rules 6(b) and 12 of the Federal Rules of Civil Procedure, Defendants Kim Dotcom and Megaupload Ltd. have moved for a second extension of time to respond to the complaint. With Plaintiff's consent, Defendants have been granted an extension until May 24, 2012 to respond (Doc. 13). Since the first extension was granted, Defendants have filed a motion to stay this action pending the termination of a parallel criminal action (Doc. 16), which will not be heard until June 1, 2012 (Doc. 18). To avoid being found in default in the meantime, Defendants request a second extension of time to respond.

Defendants respectfully submit that they should not be required to plead or respond before their stay motion is heard. Defendants also respectfully submit that if their stay motion is denied, they should be granted an additional thirty-day extension in which to file and serve their responses. (If a stay is granted, Defendants respectfully submit that they should not be required to file and serve their responses until thirty days after the stay is lifted.)

There are significant threshold issues of jurisdiction and service that may be contested, as well as extraordinary decisions to make about pleading or moving in response to the *Complaint*

on other grounds, such as, making decisions about which allegations can be admitted, denied, or as to which the Fifth Amendment must be asserted in light of the *Criminal Action*.

### STATEMENT OF THE CASE

Plaintiffs filed this action on March 21, 2012, alleging claims for inducement of copyright infringement, contributory copyright infringement, and unfair competition (Doc. 1, *Compliant*). Plaintiffs alleged their ownership of numerous and diverse copyrighted works, including sound recordings, feature films, and television shows, which they claim Defendants "knowingly and intentionally" induced others to infringe (*Id.*, ¶¶ 6-7; 22-41). The four defendants are foreign nationals (*Id.*, *Complaint* ¶¶ 8-11). Defendant Kim Dotcom was purportedly served through an authorized agent in Auckland, New Zealand, on April 13, 2012 (Doc. 11). Defendant Megaupload Ltd. purportedly was served through an authorized agent in Hong Kong, China, on April 10, 2012 (Doc. 9). The other two defendants have not yet been served.

Defendants Kim Dotcom and Megaupload Ltd., and others, also have been indicted for racketeering, criminal copyright infringement, and other alleged crimes. *United States v. Kim Dotcom, et al.*, No. 1:12-cr-00003-LO (E.D. Va. filed Jan. 5, 2012). Defendants Kim Dotcom and Megaupload Ltd. have moved for entry of an order staying this action until the termination of the criminal action (Doc. 16). That motion has been noticed for a hearing on June 1, 2012 (Doc. 18). To avoid being found in default for failure to respond prior to the hearing on their motion to stay, or being required to plead at the present time, Defendants now seek emergency relief in this motion.

**ARGUMENT**

Defendants respectfully submit that, if their stay motion is denied, they should be granted an additional extension in which to file and serve their responses until thirty days after the stay is denied. That relief should be granted now, however, so that Defendants are not found in default prior to the hearing on their motion to stay on June 1, 2012. Granting the extension requested herein will not prejudice Plaintiffs, who have not yet effected service on the other two defendants. This case is still at the threshold and may even be stayed; therefore, the extension now requested will not prejudice the Plaintiffs.

**I.  DEFENDANTS' FIFTH AMENDMENT RIGHTS MAY BE ASSERTED AT THE PLEADING STAGE**

As explained in Defendants' papers in support of their motion for a stay, the pendency of the *Criminal Action* has created extraordinary Fifth Amendment concerns in this parallel civil action (Doc. 17). The Fifth Amendment privilege may be asserted in "any" proceeding, "civil or criminal … where the answers might incriminate [an individual] in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77-78 (1973). In civil litigation, assertion of the privilege is not limited to trial testimony; it may be asserted "at the pleading stage," *North River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486 (4th Cir. 1987), *cert. denied*, 486 U.S. 1007 (1988). Defendants have moved the Court to accommodate their Fifth Amendment concerns by staying this action until the termination of the *Criminal Action*.

If the stay is denied, there will be significant threshold issues of jurisdiction and service that may be contested, as well as extraordinary decisions to make about pleading or moving in response to the *Complaint* on other grounds, such as, making decisions about which allegations can be admitted, denied, or as to which the Fifth Amendment must be asserted in light of the

*Criminal Action*. If the stay is denied, allowing Defendants additional time to plead or respond will relieve at least some of the constitutional burden on their rights in both proceedings.

The Fourth Circuit squarely holds that the Fifth Amendment privilege applies "at the pleading stage." *North River*, 831 F.2d at 486. But just as a "blanket refusal to answer questions does not suffice to raise constitutional questions," neither does a blanket response to a pleading. *Id.* (citation omitted). "Nor does a proper invocation of the privilege mean that a defendant is excused from the requirement to file a responsive pleading; he is obliged to answer those allegations that he can and to make a specific claim of the privilege as to the rest." *Id*. These principles would apply here.

In light of these principles, the Fourth Circuit has stated the rules for assertion of the Fifth Amendment privilege in answering the allegations made in a civil action:

> The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. But for one to invoke this privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim.

*Id.* at 486-87. Accordingly, "a blanket refusal to answer or respond" to all of the allegations of a civil complaint is "not sufficient." *Id*. at 487. "A party wishing in good faith to assert the privilege must do so 'with respect to particular [allegations],' thereby allowing the trial judge to determine the propriety of each refusal." *Id*. (citation omitted). Thus, Defendants must plead with particularity, and admit, deny, or plead the Fifth Amendment in response to each allegation individually.

Such particularized pleading needs to be carefully undertaken. The Fifth Amendment privilege may be asserted as to any individual fact alleged that "would furnish a link in the chain

of evidence needed to prosecute." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). In the *Criminal Action*, scienter will be a pivotal issue. *See, e.g., Criminal Action*, Doc. 34, *Superseding Indictment* ¶¶ 53-58. The government alleges that the individual defendants knowing committed criminal copyright infringement by setting up the MegaUpload "system" to commit copyright infringement virtually automatically. Thus, Defendants must very carefully parse the allegations made in this civil action regarding their alleged knowledge which may be admitted or denied, from those as to which the assertion of the Fifth Amendment would be proper. An individual may need to assert the privilege as to seemingly innocuous allegations made in this civil action that nonetheless provide a "link" in the chain of evidence in the *Criminal Action*—such as allegations concerning the operation of the MegaUpload cloud storage system.

This concern is particularly acute here because the claims asserted in this civil action also involve significant scienter elements. In light of the charges made in the *Criminal Action* that require the government to prove scienter, and the Plaintiffs having pleaded numerous allegations of knowledge, willful, or wanton conduct, Defendants will have to carefully analyze each allegation to answer the *Complaint*.

Moreover, Plaintiffs have combined numerous individual allegations in certain paragraphs, requiring a fact-by-fact, sentence-by-sentence answer. This intensifies the Fifth Amendment concerns because the admission of even a narrowly pleaded fact may nonetheless result in a broader waiver of the privilege with respect to the "details" of that allegation. *See Rogers v. United States*, 340 U.S. 367, 373 (1951) ("Disclosure of a fact waives the privilege as to details."). The rule is that "where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details." *Id.* Given the broad and

conclusory nature of many of the allegations, and that many allegations are pleaded only on Plaintiffs' information and belief, the task of particularized—fact-by-fact—pleading will be exceedingly challenging in this case. Defendants must carefully ensure that any factual admission does not then lead to the unintended waiver of the privilege as to incriminating "details" that may be related to that factual admission.

Similarly, if Defendants move to dismiss under Rule 12 for lack of personal jurisdiction or improper service, each may be required to provide facts to support those contentions. For example, if a defendant has challenged personal jurisdiction, he also may be required to provide relevant discovery: "Having put the issue in question, [the defendant] did not have the option of blocking the reasonable attempt of [plaintiff] to meet its burden of proof" through discovery. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982). A failure to provide such discovery may result in the entry of a waiver of the personal jurisdiction defense as a sanction. *Id*. If a Defendant asserts his Fifth Amendment rights instead of providing facts regarding personal jurisdiction, an adverse inference likewise may be applied to deem certain facts admitted. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). These prospects may make the filing of an otherwise meritorious Rule 12 motion a nearly illusory right at the present time. In any event, any such motion must be approached with the same circumspection as answering the *Complaint*.

Thus, the Defendants are facing a Catch-22 at this time, and are unable either to plead or move against the *Complaint* without some peril—they are, in Judge Lee's apt description of this dilemma, "constitutionally burdened." *AvalonBay Communities, Inc. v. San Jose Water Conservation Corp.*, No. 1:07cv306 (GBL), 2007 U.S. Dist. LEXIS 63773, *8 (E.D. Va. Aug. 27, 2007). Accordingly, if the stay motion is denied, Defendants respectfully submit that

granting them an additional extension of time to plead until thirty days after the stay motion has been heard is a fair and workable solution to this constitutional dilemma.

Finally, the Defendants have been engaged in, and will continue to be occupied by important events in the *Criminal Action*. Allowing some additional breathing room to address those pressing concerns in warranted.

## II.     THE CASE IS NOT YET RIPE FOR JOINDER OF ISSUE IN ANY EVENT

Plaintiffs sued four foreign nationals, but have not effected service on all four. Under these circumstances, the case is not yet ready to proceed to joinder of issue among all parties in any event. Moreover, as explained in Defendants' stay motion, Plaintiffs will not be harmed by the stay of this action until the termination of the *Criminal Action*, let alone a brief delay in joinder of issue in the event the stay is denied. Thus, the Plaintiffs will suffer no prejudice or harm by the extension now requested.

## CONCLUSION

For the reasons argued above, Defendants Kim Dotcom and Megaupload Ltd. respectfully request that a second extension of time to plead or respond be granted.

Dated:  May 11, 2012                                          Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com
*Counsel for Defendants Kim Dotcom and Megaupload, Ltd.*

        Ira P. Rothken (*pro hac vice*)
        ROTHKEN LAW FIRM
        3 Hamilton Landing
        Suite 280
        Novato, CA 94949
        (415) 924-4250
        (415) 924-2905 (fax)
        ira@techfirm.net

        *Counsel for Defendants Kim Dotcom and Megaupload, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2012, the foregoing pleading or paper was filed and served electronically by the Court's CM/ECF system upon all registered users:

> William Clifton Holmes
> DUNLAP, GRUBB & WEAVER PLLC
> 199 Liberty St SW
> Leesburg, VA 20175
> 703-777-7319
> Fax: 703-777-3656
> Email: cholmes@dglegal.com
> *Counsel for Plaintiffs*

> /s/ Craig C. Reilly
> Craig C. Reilly, Esq. (VSB # 20942)
> 111 Oronoco Street
> Alexandria, Virginia 22314
> TEL (703) 549-5354
> FAX (703) 549-2604
> craig.reilly@ccreillylaw.com
> *Counsel for Defendants Kim Dotcom and Megaupload, Ltd.*