UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICROHITS, INC., *et al.*, )<br>)<br>  *Plaintiffs* )<br>v. )<br>)<br>MEGAUPLOAD, LTD., *et al.*, )<br>)<br>  *Defendants* ) | No. 1:12-cv-327<br>(LO/IDD) |

**DEFENDANTS BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION**

On Defendants' motion, the Court entered an order staying this civil action for 180 days (Dkt. No. 31). Plaintiffs have moved for reconsideration of that order or, in the alternative, certification of the issue for an interlocutory appeal (Dkt. No. 32). Defendants Kim Dotcom and Megaupload Ltd. ("Defendants") oppose that motion, and show below that it should be summarily denied.

Plaintiffs' motion for reconsideration is wrong on many levels, starting with the rule cited. Rule 60(b) does not apply because the stay order is not a "final" judgment or order. The applicable provision is Rule 54(b), which states that an interlocutory order may be "revised at any time before the entry of a judgment" in the case. While review under Rule 54(b) is "plenary," a party may not merely "reargue" its position; instead, the movant must show good cause, such as proffering "new" evidence, citing an intervening change in the law, or by demonstrating that the original order would result in a manifest injustice. No such grounds are shown here. Plaintiffs are merely rearguing points made in their opposition (Dkt. No. 27), to which Defendants have already replied (Dkt. No. 30). Thus, reconsideration should be denied.

The Court also should deny the alternative request for an interlocutory appeal under 28 U.S.C. § 1292(b). Plaintiffs have not proposed a proper question for certification, nor have they made a showing of all three elements that are necessary to justify the extraordinary relief of certification of a question for an immediate interlocutory appeal. Thus, certification also should be denied.

**ARGUMENT**

**I.    RULE 54(b) GOVERNS THIS MOTION**

Plaintiffs seek relief under Rule 60(b). (Dkt. No. 32, *Plaintiffs' Brief* at 2-3.) By its own terms, however, Rule 60(b) applies only to a "***final*** judgment [or] order." FED.R.CIV.P. 60(b) (emphasis added); ADV. COMM. NOTES, 5 F.R.D. 433, 479 (1946) (the word "final" was added to Rule 60(b) and "emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief"); *Fayetteville Investors v. Commercial Bldrs.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (Rule 60 applies "only to final judgments" not "interlocutory" orders). The stay order is not "final" because it does not adjudicate all claims as between all parties, and it is not an order "from which an appeal lies." *See* FED.R.CIV.P. 54(a) & (b). The stay order, therefore, is not "final," and Rule 60(b) does not apply.

Reconsideration of interlocutory orders may be sought under Rule 54(b), however, which provides that an order that is not "final" may be "revised" at any time prior to the entry of the final judgment. FED.R.CIV.P. 54(b). A motion for reconsideration under this rule is committed to the discretion of the Court. *American Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 515 (4th Cir. 2003). Under Rule 54(b), the Court has "plenary power" to reconsider interlocutory orders "as justice requires," and its review is not limited to the specific grounds stated in Rule 60(b)(1)-(6). *Fayetteville Investors*, 936 F.2d at 1472-73; *American Canoe*, 326 F.3d at 514. Revision of

an interlocutory order must be sought with "due diligence," however, and the revision sought must be "consonant with equity." *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90-91 (1922). To keep reconsideration motions within those bounds, the federal courts have developed standards for the reconsideration and revision of interlocutory orders.

Under Rule 54(b), federal courts generally require a showing of good cause for reconsideration, such as these grounds: (1) the discovery of new material evidence, (2) an intervening change in controlling law, or (3) the correction of clear error or the prevention of a "manifest injustice." *American Canoe*, 326 F.3d at 515 (citation omitted); *accord Gordon v. ArmorGroup, N.A.*, No. 1:10cv002 (JCC), 2010 U.S. Dist. LEXIS 111427, *3-4 (E.D. Va. Oct. 19, 2010); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Grounds for reconsideration also may include the Court's patent misunderstanding or misapprehension of the law or facts, or the Court's having rendered a decision "outside the adversarial issues presented." *Above the Belt*, 99 F.R.D. at 101. "Such problems rarely arise and the motion to reconsider [an interlocutory order] should be equally rare." *Id*. Accordingly, any motion for reconsideration should be carefully scrutinized for good cause.

When good cause has been shown, of course, reconsideration is appropriate because "the ultimate responsibility of the federal courts … is to reach the correct judgment under the law." *American Canoe*, 326 F.3d at 515. But when good cause has not been shown, the Court would be acting well within its discretion to summarily deny reconsideration.

A motion for reconsideration is not permitted for mere reargument, nor is it permitted for the reassertion of facts and case law that were, or could have been, included in the original motion papers. *Above the Belt*, 99 F.R.D. at 101; *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997); *Shepherd v. Health Drinks of Am.*, 69 F.R.D. 607, 607-08 (E.D.

Va. 1976). Unless motions for reconsideration are held to a good cause standard, such motions would bring "nothing by mischief" by prolonging litigation, multiplying costly briefing, and unnecessarily threatening to disturb the law of the case. *Shepherd*, 69 F.R.D. at 608. Therefore, a motion that merely reargues a previously decided motion may be summarily denied.

## II.     PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE FOR RECONSIDERATION

Plaintiffs have not shown good cause for reconsideration. They cite no change in the law, no new facts or circumstances, and no manifest injustice. Every point they make, every case they cite, and every purported prejudice they claim was asserted in their opposition (Dkt. No. 27). And in their previously filed reply brief, Defendants have already responded to every point, every case, and every purported prejudice (Dkt. No. 30). Plaintiffs' motion for reconsideration is merely improper reargument, and the motion should be summarily denied.[1] As shown next, moreover, even if reconsidered, Plaintiffs' reargument fails on the merits.

### A.     THE *VANCOUVER WOMEN'S HEALTH* DECISION DOES NOT CONTROL

Plaintiffs contend that the decision in *Vancouver Women's Health Collective Society v. A.H. Robins Co.*, 820 F.2d 1359 (4th Cir. 1987), is "binding," and authoritatively precludes a finding that Defendants have Fifth Amendment rights. That case was cited, and those arguments were made, in Plaintiffs' opposition, and are merely (and improperly) being reargued now. In any event, the court in *Vancouver Women's Health* was considering whether constitutional due process rights to notice need be afforded to foreign individuals eligible to make claims in a products liability class action. The decision does not address the applicability of the Fifth

---

[1] The only additional case cited by Plaintiffs addresses the standing of citizens and non-citizens to sue the United States to stop nuclear weapons testing. *Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960). That case—decided over 50 years ago by the court of appeals in a different circuit and addressing a different issue—does not show a ***change*** in ***controlling*** law since the time the stay order was entered.

Amendment self-incrimination clause when an alien is being prosecuted in the United States, and so the facts and holding in that case cannot be meaningfully applied to this case. As Defendants showed in their reply, the self-incrimination clause of the Fifth Amendment applies to the criminal action now pending against them, and the Defendants may properly seek a stay of the civil action to protect their rights.

Plaintiffs also argue that the Court's stay order "augurs potentially startling implications" because it purportedly "disagree[s] with the reasoning and logic of" a 2002 Department of Justice memorandum ("*DOJ Memorandum*") addressing the application of *Miranda v. Arizona*, 384 U.S. 436 (1966), under four fact-scenarios that arose in connection with "persons captured in Afghanistan." (Dkt. No. 32, *Plainiffs' Brief* at 7 & n.5 (citing *DOJ Memorandum*).) Plaintiffs' argument rests on a faulty premise.

The *DOJ Memorandum* primarily addressed whether *Miranda* warnings needed to be given when Taliban fighters were captured and interrogated in Afghanistan in 2002 during the War on Terror. The *DOJ Memorandum* analyzes "four categories of statements" based on different fact-scenarios. Several of the fact-scenarios are inapplicable to this case (*e.g.*, interrogations by military personnel to learn tactical information in support of ongoing combat operations, or when "unwarned" statements are offered during war crimes trials before military commissions). Only the second category of these fact-scenarios is even analogous to the facts in this case, and there is no disagreement on the pertinent "reasoning and logic."

The "second category" fact-scenario analyzes the applicability of the Fifth Amendment when those Taliban fighters have been interrogated overseas "for law enforcement purposes," and are later brought to the United States for criminal trials before Article III courts. *DOJ Memorandum* at 1-2, 6-10, 18-21. The *DOJ Memorandum* concludes that "***the Self-***

***Incrimination Clause will likely apply in any future trial***," and that "the Supreme Court would almost certainly conclude that ***the Self-Incrimination Clause applies*** to trials in Article III courts of aliens, even where an alien's only connection to this country is that he has been brought here to be tried." *Id*. at 9-10 & 19 (emphasis added). While arguing that *Miranda* warnings might not be required, the *DOJ Memorandum* nonetheless concedes that statements resulting from any "unwarned" interrogations of aliens "are likely to be inadmissible" in subsequent criminal trials before Article III courts in the United States, even if the interrogations were conducted overseas. *Id*. at 2. The *DOJ Memorandum* also noted that federal courts have found such statements to be inadmissible under the Fifth Amendment. *Id*. at 9 n.6 (citing cases) & 18-21. Thus, the *DOJ Memorandum* advises that aliens who are overseas, but who are being (or will be) prosecuted in the United States before an Article III court, have Fifth Amendment rights.

One of the federal cases prominently cited in the *DOJ Memorandum* also had been cited by Defendants in their reply. *United States v. Bin Laden*, 132 F. Supp. 2d 168 (S.D.N.Y. 2001), *aff'd sub nom. In re Terrorist Bombings*, 552 F.3d 177, 201 (2d Cir. 2008), *cert. denied*, 556 U.S. 1283 (2009) (holding that "foreign nationals interrogated overseas [before trial] but tried in the civilian courts of the United States are protected by the Fifth Amendment's self-incrimination clause" and may seek to exclude inculpatory statements obtained overseas). Thus, there is no disagreement between the stay order, the *DOJ Memorandum*, and the pertinent case law: the Fifth Amendment self-incrimination clause applies to "extraterritorial" aliens who are being (or will later be) prosecuted in Article III courts in the United States, even before they are brought to (or extradited to) the United States. Thus, Plaintiffs fail to show any clear error of law.

B.     **P**LAINTIFFS **H**AVE **N**OT **S**HOWN **A**NY **M**ANIFEST **I**NJUSTICE

Plaintiffs have not shown that any manifest injustice will result from the stay. To defeat the stay application (or obtain reconsideration), Plaintiffs must demonstrate "that [the stay] will result in ***genuine, substantial prejudice*** to [their] interests." *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 557-58 (E.D. Va. 1995) (emphasis added). Plaintiffs have not shown any actual and immediate prejudice, and none of their new speculations about potential prejudice is likely or imminent. Thus, Plaintiffs fail to show that the stay will result in manifest injustice.

Moreover, Plaintiffs fail to analyze the prejudice to the Defendants that would result if the stay were denied. At present, Defendants' assets have been seized and frozen, depriving them of the financial means by which they could defend the criminal or civil actions. It is readily apparent that Plaintiffs' desire to proceed immediately is not to prevent prejudice to them, but to visit prejudice on the Defendants, which would be manifestly unjust.

Accordingly, Plaintiffs have not shown good cause for reconsideration.

### III.     CERTIFICATION FOR INTERLOCUTORY APPEAL SHOULD BE DENIED

In the alternative, Plaintiffs request that the Court certify the stay order for an immediate interlocutory appeal. That request is misguided and should be denied.

Unless a statutory or narrow common law exception applies, courts of appeal may only hear appeals from "final decisions" entered by the district courts. 28 U.S.C. § 1291. As a general rule, "a party is entitled to a single appeal," which is "deferred until final judgment has been entered," at which time any alleged "error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 868 (1994). In this context, a "final judgment" is an order or ruling that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 497 (1989) (citation

B.     **P**LAINTIFFS **H**AVE **N**OT **S**HOWN **A**NY **M**ANIFEST **I**NJUSTICE

Plaintiffs have not shown that any manifest injustice will result from the stay. To defeat the stay application (or obtain reconsideration), Plaintiffs must demonstrate "that [the stay] will result in ***genuine, substantial prejudice*** to [their] interests." *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 557-58 (E.D. Va. 1995) (emphasis added). Plaintiffs have not shown any actual and immediate prejudice, and none of their new speculations about potential prejudice is likely or imminent. Thus, Plaintiffs fail to show that the stay will result in manifest injustice.

Moreover, Plaintiffs fail to analyze the prejudice to the Defendants that would result if the stay were denied. At present, Defendants' assets have been seized and frozen, depriving them of the financial means by which they could defend the criminal or civil actions. It is readily apparent that Plaintiffs' desire to proceed immediately is not to prevent prejudice to them, but to visit prejudice on the Defendants, which would be manifestly unjust.

Accordingly, Plaintiffs have not shown good cause for reconsideration.

### III.     CERTIFICATION FOR INTERLOCUTORY APPEAL SHOULD BE DENIED

In the alternative, Plaintiffs request that the Court certify the stay order for an immediate interlocutory appeal. That request is misguided and should be denied.

Unless a statutory or narrow common law exception applies, courts of appeal may only hear appeals from "final decisions" entered by the district courts. 28 U.S.C. § 1291. As a general rule, "a party is entitled to a single appeal," which is "deferred until final judgment has been entered," at which time any alleged "error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 868 (1994). In this context, a "final judgment" is an order or ruling that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 497 (1989) (citation

omitted); *see also* FED.R.CIV.P. 54(a) & (b). The stay order is not a "final decision" under § 1291, which Plaintiffs appear to acknowledge, as they seek to appeal under § 1292(b).

The standard for granting a discretionary interlocutory appeal under § 1292(b) is generally stated as a three-part test: The Court may certify an interlocutory for an immediate interlocutory appeal if the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Defelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (quoting 28 U.S.C. § 1292(b) and inserting numbers). This statute grants only "'circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable.'" *Id.* (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 46 (1995)). The discretionary authority granted under this statute "should be used sparingly and its requirements must be strictly construed;" furthermore, it is reserved for "exceptional circumstances." *Id.* (citation omitted). Plaintiffs fail to satisfy any factor, let alone all three.[2]

First, Plaintiffs do not propose a proper question for certification. Under the Fourth Circuit standard, "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution **will be completely dispositive of the litigation**, either as a legal or practical matter, whichever way it goes." *Defelice*, 404 F. Supp. 2d at 908 (citation omitted) (emphasis added). Even if Plaintiffs were correct that the individual Defendants do not have Fifth Amendment rights to assert (which Defendants do not concede),

---

[2] Moreover, even were the Court to certify this issue for an interlocutory appeal, the Fourth Circuit may decline to hear it. 28 U.S.C. § 1292(b) (upon certification by the District Court, the Court of Appeals "may thereupon, in its discretion, permit an appeal to be taken from such order"). This further diminishes the utility of the appeal now sought.

the resolution of that question will not be "completely dispositive" of any claim or defense in this case, let alone dispositive of the entire litigation. Thus, Plaintiffs cannot satisfy even the first factor.

Second, Plaintiffs have not shown that there are substantial, conflicting rulings on this question. As shown in Section II above and in Defendants' previously filed reply brief, Plaintiffs' legal arguments are mistaken. Thus, Plaintiffs have not satisfied the second factor, either.

Third, Plaintiffs cannot show that an interlocutory appeal will advance the ultimate termination of this action. While Plaintiffs posit that an interlocutory appeal, if certified, should be "heard immediately by the Fourth Circuit," they do not give any consideration to how long it would take to have the Fourth Circuit decide such an appeal. The ordinary timeline for an appeal is longer than the six-month stay now in place. Thus, Plaintiffs also would have to make the extraordinary showing needed to obtain an expedited appeal in the Fourth Circuit. FOURTH CIR. LOCAL RULE 12(c). Thus, there is no guaranty that an appeal, even if certified, would be heard within the next six months.

Moreover, Plaintiffs strain to satisfy the third factor by speculating that Defendants are likely to seek an interlocutory appeal if the stay is lifted in the future, and so the parties would be better off to take the issue to the Fourth Circuit now. Rather than engaging in speculation on this issue, the Court can be certain about one thing: Certifying an interlocutory appeal now will add unnecessary costs, which strongly counsels against certification at this time. *Defelice*, 40 F. Supp. 2d at 910. Thus, Plaintiffs have not satisfied the third factor.

Accordingly, the alternative motion for certification of an interlocutory appeal should be denied.

## CONCLUSION

For the reasons argued above the Court should summarily deny the motion for reconsideration and deny the request for the certification of an interlocutory appeal.

Dated:  June 11, 2012                                  Respectfully submitted,
/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com

Ira P. Rothken (*pro hac vice*)
Jared R. Smith (*pro hac vice*)
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net
*Counsel for Defendants Kim Dotcom and Megaupload, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2012, the foregoing pleading or paper was filed and served electronically by the Court's CM/ECF system upon all parties:

>William Clifton Holmes
>DUNLAP, GRUBB & WEAVER PLLC
>199 Liberty St SW
>Leesburg, VA 20175
>703-777-7319
>Fax: 703-777-3656
>Email: cholmes@dglegal.com
>*Counsel for Plaintiffs*

>/s/ Craig C. Reilly
>Craig C. Reilly, Esq. (VSB # 20942)
>111 Oronoco Street
>Alexandria, Virginia 22314
>TEL (703) 549-5354
>FAX (703) 549-2604
>craig.reilly@ccreillylaw.com
>*Counsel for Defendants Kim Dotcom and Megaupload, Ltd.*