UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICROHITS, INC., *et al.*, <br><br>                *Plaintiffs* <br><br>     v. <br><br> MEGAUPLOAD, LTD., *et al.*, <br><br>                *Defendants* | No. 1:12-cv-327 <br> (LO/IDD) |

**REPLY BRIEF OF DEFENDANTS KIM DOTCOM AND MEGAUPLOAD LTD.
IN SUPPORT OF THE CONTINUATION OF THE STAY
PENDING THE PARALLEL CRIMINAL PROSECUTION**

Defendants filed a status report (Dkt. No. 37) seeking a continuation of the stay entered in this action (Dkt. No. 31) in light of a related criminal copyright action also pending against them in this Court. *United States v. Kim Dotcom, et al.*, No. 1:12-cr-00003-LO (E.D. Va. filed Jan. 5, 2012) ("*Criminal Action*"). Plaintiffs, copyright owners who are alleged victims in the *Criminal Action*, oppose the continuation of the stay on various grounds (Dkt. Nos. 38 & 39). When examined, however, Plaintiffs' opposition relies on inapposite case law and faulty logic. Defendants respectfully submit that the Court should continue the stay for another 180 days, with the proviso that either side may seek relief should there be a substantive change in the circumstances in either this action of the *Criminal Action*, at which time either party may seek further relief from the Court.

**REPLY ARGUMENT**

**I.     THE STATUS OF THE EXTRADITION PROCEEDINGS**

Ignoring the vigor with which the government is pursuing extradition of the so-called "Mega Conspirators," Plaintiffs argue that "the extradition of individual Defendants Kim Dotcom and Mathias Ortmann remains a mere possible future event, but indeed an event which

may in fact never occur." (Dkt. No. 38, *Plaintiffs Opp*. at 2.)  Then, in an unwarranted leap-of-logic, Plaintiffs argue that, "In light of the mere *potentiality* of such future extradition (as opposed to actuality), the procedural posture of this case is actually quite close to that of a leading case decided by the District Court for the Southern District of New York in 1993, in which the District Court declined to enter a stay of a pending civil case. *Citibank, N.A. v. Hakim, et al.*, 1993 U.S. Dist. LEXIS 16299 (S.D. N.Y. 1993) (Mukasey, J.)."  (*Id*. at 3 (emphasis in original).)  Whether *Hakim* is "a leading case" or not, it is inapposite.

Plaintiffs' effort to find parallels between this case and Hakim is strained.  (*Id*. at 3-5.)  The circumstances of this action are in no way "precisely analogous" to those in *Hakim*, as Plaintiffs now contend.  (*Id*. at 3)  In *Hakim*, the civil defendant seeking a stay (Hakim) had not been indicted, which is a pivotal factor under Second Circuit law:  "In this Circuit, however, district courts generally grant the extraordinary remedy of a stay only after the defendant seeking a stay has been indicted." *Hakim*, 1993 U.S. Dist. LEXIS 16299 at *2-3.  Judge Mukasey then held that "Although defendant Hakim allegedly is a target of a continuing grand jury investigation, he does not claim to have been indicted.  Accordingly, Hakim's pre-indictment motion to stay can be denied on this ground alone." *Id.* at *3.[1]  Although Judge Mukasey also weighed the other Second Circuit factors (such as delay and prejudice), Hakim's having brought the motion before indictment was decisive.  Here, by contrast, the civil defendants seeking a stay

---

[1]  Plaintiffs' reliance on *United States v. Private Sanitation Industry Ass'n*, 811 F. Supp. 802 (E.D.N.Y. 1992), and *Karimona Investments, LLC v. Weinreb*, 2003 U.S. Dist. LEXIS 3324 (S.D.N.Y. 2003), is similarly misplaced because those cases also involved pre-indictment stay motions, which are generally disfavored in the Second Circuit.  Defendants note, however, that in some circumstances even a pre-indictment stay motion may be granted under the Second Circuit analysis. *E.g.*, *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523 (D.N.J. 1998).

have been indicted, which changes the decision-matrix dramatically, even under the Second Circuit factors.

Nor is the "risk of dissipation of assets … equally if not more evident here" than in *Hakim*, as Plaintiffs also argue.  (Dkt. No. 38, *Plaintiff Opp*. at 5.)  In *Hakim*, several defendants had absconded and transferred assets outside the country.  *Hakim*, 1993 U.S. Dist. LEXIS 16299 at *5.  Here, by contrast, Defendants are not fugitives, and their assets have been seized and are subject to forfeiture to the United States as potential compensation for victims of the alleged crimes.  (Dkt. No. 36, *Order* at 2.)  The courts have control of Defendants' assets, and are dolling out limited amounts for living expenses and foreign counsel.  At present, then, no "dissipation of assets" is occurring.

Finally, Plaintiffs point to twitter- and blog-posts, attributed to or concerning Defendants, announcing the launch of a "New Megaupload" website in January 2013.  (Dkt. No. 38, *Plaintiff Opp*. at 5-6.)  Whatever those posts may portend, nothing has happened yet.  Speculation about this new website and service is not "new evidence" that Defendants will dissipate their assets "upon the un-freezing" of them.  (*Id*. at 5.)  Defendants' assets are still sequestered, and no amount of tweets and blog-posts will "un-freeze" them—that requires a court order.

## II.   THERE IS NO "ACUTE RISK OF INDEFINITE DELAY OF THE INSTANT MATTER"

Although Plaintiffs do not claim that the "timeliness" of their claims are in peril, they contend that extending the stay "indefinitely" would "create the very perils that the U.S. Copyright Act's statute of limitations period was created to prevent"—that is, to prevent the loss of evidence.  (Dkt. No. 38, *Plaintiff Opp*. at 6-7.)  Plaintiffs then reassert the generalized and speculative "loss of evidence" arguments that they previously made (*see* Dkt. No. 27 at 9-10), to which Defendants have already responded (*see* Dkt. No. 30 at 11-14), and which the Court has

already considered (Dkt. No. 36, *Order* at 2 (noting status of Carpathia Servers).)   In short, Plaintiffs have not shown any new threat of an "acute risk of an indefinite" delay if the stay is extended for another 180-day period, subject to terms and conditions.

Where, as here, circumstances do not provide perfect clarity about the expected length of parallel criminal proceedings, a conditional stay for an interval of time is the appropriate remedy, not a denial of a stay motion altogether:  Any "concern about an indefinite stay may be alleviated by allowing the parties the petition the Court to lift or modify the stay if there is a change in circumstances warranting it."  *See Walsh Securities*, 7 F. Supp. 2d at 529) (citation omitted). That is the proper remedy here—one the Court has used already (Dkt. No. 31) and should use again.

## III.     A "PARTIAL STAY" WOULD BE INAPPROPRIATE AND INEFFICIENT

Finally, Plaintiffs propose a "partial stay," under which either the case would proceed against Defendant Megaupload Ltd., or all Defendants would be required to make pleading motions.  (Dkt. No. 38, *Plaintiffs Opp*. at 8-9.)  These alternative proposals fail for several legal and practical reasons.

First, even though Megaupload does not have Fifth Amendment rights of its own, it can only defend itself through the individual principals of the company—all of whom have been indicted in the *Criminal Action*.  As a collective entity, Megaupload necessarily acts through individuals who have Fifth Amendment rights, which requires that the individual criminal defendants' rights be accommodated.  *See Braswell v. United States*, 487 U.S. 99, 117-19 (1988); *accord SEC v. Dunlap*, 253 F.3d 768, 774-75 (4th Cir. 2001).   During discovery, these individuals cannot be forced to implicate themselves in order to provide a defense to the entity in the civil case.  Thus, federal courts will stay a case as to **both** the individuals and the company

even though the company does not have its own Fifth Amendment rights.   *E.g.*, *American Express Business Finance Corp. v. RW Professional Leasing Services Corp.*, 225 F. Supp. 2d 263 (E.D.N.Y. 2002) (stay ordered).   For these reasons, lifting the stay as to Megaupload would not be appropriate in the circumstances of this action.

Second, a partial stay under which Defendants would be required to assert pleading motions also would be inappropriate.   It is not clear why Plaintiffs believe that this proposal may "greatly simplify" the case, but this proposal still entails unacceptable risks to Defendants. Because of the risks of an admission against interest, Fifth Amendment rights may be asserted "at the pleading stage."   *North River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486 (4th Cir. 1987), *cert. denied*, 486 U.S. 1007 (1988).   Thus, this proposal will not eliminate risks to Defendants, and may deliver only illusory "benefits."

Moreover, with all of Defendants' financial assets frozen, it would be unduly burdensome on Defendants and their counsel to require extensive (and expensive) motions practice—which may only result in re-pleading should Defendants succeed in showing deficiencies in Plaintiffs' allegations.   Partially lifting the stay for motions practice, therefore, may simply result in expensive wheel-spinning.

This problem segues to the broader practical problems with proceeding with the civil case at this time.   Here are a few of the practical problems:

- The Defendants lack the funds to defend complex civil litigation, and are petitioning the Court to release assets for their legal fees in the *Criminal Action*.

- Defendants' books and records have been seized, rendering them unable to respond to civil discovery or to prepare their defense in the civil action.   *American Express*, 225 F. Supp. 2d at 265-66 (explaining reasons for stay).

- At this time, neither Plaintiffs nor Defendants have access to the Carpathia Servers, which, both sides assert, will be a critical source of proof.

In light of these practical problems, lifting the stay, or partially lifting the stay, will not advance the full, fair, and complete adjudication of the civil case.

Finally, Plaintiffs argue that any stay "runs afoul" of Local Civil Rule 16(B). (Dkt. No. 38, *Plaintiffs Opp*. at 8 & n.5.)  But Plaintiffs have no vested rights in the enforcement of the Local Civil Rules.  It is always within the discretion of a district court to enforce (*see Michael v. Sentara Health Sys.*, 939 F.Supp. 1220, 1225 n.3 (E.D. Va. 1996)) or "to relax or modify" its own procedural rules.  *American Farm Lines v. Black Ball Freight Lines*, 397 U.S. 532, 539 (1970).  Any such decision "is not reviewable except upon a showing of substantial prejudice to the complaining party."  *Id*. at 539.  Plaintiffs have not shown "substantial prejudice" at this time.  Accordingly, this argument also fails.

As has been shown previously, Plaintiffs will not suffer "substantial prejudice" if the stay is extended.  The Megaupload website has been taken down, meaning that the alleged infringement has been halted.  (Dkt. No. 36, *Order* at 2.)  Plaintiffs have not shown the immediate threat that evidence will be lost.  (*Id*.)  All of Defendants' assets have been seized for forfeiture, and may be available to compensate alleged victims, like Plaintiffs—but would not be reachable by Plaintiffs even if they were awarded an immediate judgment.  (*Id*.)  Any money damages remedy available to Plaintiffs will not be diminished because of the potential for an award of pre-judgment interest.  *See Walsh Securities*, 7 F. Supp. 2d at 528.  In short, the extension of the stay will not cause "substantial prejudice" to Plaintiffs.

On balance, then, the equities still weigh strongly in favor of staying this civil action for an additional 180 days, subject to the parties' right to seek relief were circumstances to change before the expiration of that period.

## CONCLUSION

For the reasons stated above and in their previously filed status report (Dkt. No. 37), Defendants Kim Dotcom and Megaupload Ltd. respectfully submit that the order staying this civil action should be extended for an additional 180 days, subject to the parties' rights to seek relief based upon a substantive change in circumstances in either this cause of action or the related criminal matter.

Dated:  December 3, 2012.

Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com

*and*

Ira P. Rothken (*pro hac vice*)
Jared R. Smith (*pro hac vice*)
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

*Counsel for Defendants Kim Dotcom and Megaupload, Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2012, the foregoing pleading or paper was filed and served electronically by the Court's CM/ECF system upon all parties:

William Clifton Holmes
DUNLAP, GRUBB & WEAVER PLLC
199 Liberty St SW
Leesburg, VA 20175
703-777-7319
Fax: 703-777-3656
Email: cholmes@dglegal.com
*Counsel for Plaintiffs*

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com
*Counsel for Defendants Kim Dotcom and*
*Megaupload, Ltd.*