UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICROHITS, INC., *et al.*, )<br>)<br>*Plaintiffs* )<br>)<br>v. )<br>)<br>MEGAUPLOAD, LTD., *et al.*, )<br>)<br>*Defendants* ) | No. 1:12-cv-327<br>(LO/IDD) |

**STATUS REPORT OF DEFENDANTS KIM DOTCOM AND MEGAUPLOAD LTD.
IN SUPPORT OF THE CONTINUATION OF THE STAY
PENDING THE PARALLEL CRIMINAL PROSECUTION**

In this civil action, Defendants are being sued for indirect or secondary copyright infringement by Plaintiffs, who hold the copyrights to certain works. These Defendants, and others, also have been indicted for criminal copyright infringement and other alleged crimes arising out of the same alleged activity. *United States v. Kim Dotcom, et al.*, No. 1:12-cr-00003-LO (E.D. Va. filed Jan. 5, 2012) ("*Criminal Action*"). The gist of the scheme alleged in the *Criminal Action* is a conspiracy to commit criminal copyright infringement over the Internet. *Criminal Action*, Dkt. No. 34, *Superseding Indictment* ¶ 1 (identifying alleged conspirators, alleged object of conspiracy, and allegedly illegal income from the alleged scheme). A comparison of the complaint and the indictment reveals that both the criminal charges and the claims asserted in this civil action (brought by two of the alleged crime victims) involve the same alleged actors, misconduct, objective, means, and injuries.[1]

---

[1] The Court may take judicial notice of court records and pleadings in related criminal cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239-40 (4th Cir. 1989). Plaintiffs also have appeared in the *Criminal Action* as "interested parties." *Criminal Action*, Dkt. No. 80.

In May 2012, Defendants Kim Dotcom and Megaupload Ltd. moved for a stay of this civil action (Dkt. No. 16). That motion was granted and then upheld after a motion for reconsideration filed by Plaintiffs (Dkt. Nos. 31 & 36). The stay was entered on May 30, 2012 for 180 days, "absent a substantive change in circumstances in either this cause of action or the related criminal matter, at which time either party may seek relief from the Court" (Dkt. No. 31). When the initial 180-day period was winding down, Defendants filed a status report and request for continuation of the stay (Dkt. No. 37 & 40), which Plaintiffs opposed (Dkt. No. 38 & 39). The Court then entered an order on January 30, 2013, continuing the stay for an additional six months from the date of that order—that is, until July 30, 2013 (Dkt. No. 41). Upon Defendants' request (Dkt. No. 43), to which no opposition was filed, the stay was continued again for an additional six months by an order entered August 1, 2013 (Dkt. No. 44). Defendants respectfully submit that grounds for continuing the stay still exist.

When first entering a stay, the Court explained that it granted a stay based upon a "balancing" of the parties' "competing interests"—that is, Defendants' interest in preserving potential "Fifth Amendment protections" that would arise upon their extradition, and Plaintiffs' interest in a prompt adjudication of the civil action and the "ability to meaningfully recover" on any "favorable judgment" (Dkt. No. 36, *Order* at 1-2). As is shown below, the balance still tips in favor of a stay of this civil action.

### STATEMENT OF THE CASE

Defendants incorporate the STATEMENT OF THE CASE set forth in their opening brief (Dkt. No. 17, *Def. Stay Br*. at 2-5). Defendants also assume the Court's familiarity with recent filings in the *Criminal Action*. Therefore, the recent developments in the *Criminal Action* are only briefly explained below.

*Extradition Proceedings:* The individual Defendants in the criminal and civil cases are foreign nationals. Presently, the individual criminal defendants (including Kim Dotcom and Mathias Ortmann, who are named as defendants in this civil action) are the subject of extradition proceedings in New Zealand related to the *Criminal Action*. The extradition proceedings have not concluded, and the case still is on an interlocutory appeal before the appellate courts in New Zealand.

The Court has previously considered the pendency of the extradition proceedings in balancing whether to grant a stay in this civil case. The Court noted that "the extradition proceedings are ongoing," and that "the possibility of extradition and potential future self-incrimination weighs strongly in favor of staying this action until the applicability of the Fifth Amendment protection becomes more certain" (Dkt. No. 36, *Order* at 2). The prospect of the individual defendants' extradition to the United States for criminal prosecution still has not been eliminated, and those circumstances continue to weigh "strongly in favor of staying this action."

*The Criminal Action:* In the *Criminal Action*, on October 5, 2012, the Court denied Defendants' motion to dismiss the Superseding Indictment **with prejudice**. *Criminal Action*, Dkt. No. 127, *Order*. Therein, however, the Court noted that "the corporate Defendant"—*viz*., Megaupload Limited—may seek dismissal of the Superseding Indictment, **without prejudice** and until such time as it "could be served," on other constitutional grounds, such as the denial of due process due to the delay in obtaining service of process. *Id*., *Order* at 2 n.3. Since then, counsel for Defendant Megaupload Ltd. has renewed its motion for leave to enter a limited appearance for the purpose of moving to dismiss the Superseding Indictment against Megaupload Limited, **without prejudice**, for lack of personal jurisdiction and due process violations. *Criminal Action*, Dkt. No. 128. The Court has not yet ruled on that motion. The issue of party and interested

party access to the so-called Carpathia Servers remains open, and those servers remain offline. Other procedural issues have arisen in the *Criminal Action* (such as, whether to hold a Rule 41(g) hearing), but have not been resolved.

### DEFENDANTS' STATEMENT OF POSITION

A federal court has discretion to stay a civil case pending the resolution of a parallel criminal proceeding. *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *accord AvalonBay Communities, Inc. v. San Jose Water Conservation Corp.*, No. 1:07cv306 (GBL), 2007 U.S. Dist. LEXIS 63773, *3-4 (E.D. Va. Aug. 27, 2007) (discretion); *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 557-58 (E.D. Va. 1995) (same). In exercising that discretion, judges of this Court generally apply the balancing test stated in *Landis v. North American Co.*, 299 U.S. 248 (1936). *See AvalonBay*, *supra*, at *3-4; *Burns v. Anderson*, 1:02cv1326 (JCC), 2006 U.S. Dist. LEXIS 59150, *9-10 (E.D. Va. Aug. 22, 2006) (applying *Landis*); *Phillips*, 896 F. Supp. at 558 (applying *Landis*). Under the *Landis* test, the Court has inherent, discretionary power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and "to coordinate the business of the court efficiently and sensibly," provided that such relief does not cause hardship to any party. *Landis*, 299 U.S. at 254-55. Exercising this discretion, the Court has repeatedly ruled that a stay was warranted in this case (Dkt. Nos. 31, 36, 41 & 44). Defendants respectfully submit that the stay should be continued.

Under the *Landis* balancing test, certain equities still weigh "strongly in favor of staying this action until the applicability of Fifth Amendment protection becomes more certain" (Dkt. No. 36, *Order* at 2). Despite the passage of time and the extended timetable for the extradition proceedings in New Zealand, the essential equities have not changed since May 30, 2012. Defendants still face extradition, and therefore still have an interest in preserving the Fifth

Amendment rights that arise from the prosecution of the *Criminal Action* in an Article III court in the United States. Moreover, the lengthening of the extradition schedule has not been the fault of the individual defendants. Their vigorous opposition to the extradition proceedings has not been dilatory—far from it. The New Zealand trial court has found that the New Zealand authorities, acting on behalf of and in cooperation with the United States, have committed repeated and serious violations of the individual defendants' rights, for which the individual defendants have been successfully pursuing legal redress (*see* Dkt. No. 37, *Def. Status Report*, outlining events and circumstances in the extradition proceedings). Accordingly, Defendants respectfully submit that the equities still weigh "strongly in favor" of the stay.

No countervailing hardship or prejudice to Plaintiffs will result from continuing the stay. As the Court previously recognized, Defendants' operations have been completely shut down, halting all alleged infringing activity (Dkt. No. 36, *Order* at 2). Moreover, Defendants' assets have been seized, subject to forfeiture to the United States, eclipsing Plaintiffs' potential right to reach those assets as judgment creditors should they prevail in the civil action (*Id.*). Continuing the stay, therefore, will not result in hardship or prejudice to Plaintiffs.

On balance, then, the equities still weigh strongly in favor of staying this civil action.

## CONCLUSION

For the reasons stated above, Defendants Kim Dotcom and Megaupload Ltd. respectfully submit that the order staying this civil action should be extended for an additional six months, subject to the parties' rights to seek relief based upon a substantive change in circumstances in either this cause of action or the related criminal matter.[2]

Dated:  January 24, 2014

Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com

*and*

Ira P. Rothken (pro hac vice)
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

*Counsel for Defendants Kim Dotcom and Megaupload, Ltd.*

---

[2]  Defendants have contacted Plaintiffs' counsel and understand that Plaintiffs do not consent to the continuation of the stay.

- 7 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2014, the foregoing pleading or paper was filed electronically by the Court's CM/ECF system and served upon all parties:

> Thomas M. Dunlap
> David Ludwig
> DUNLAP WEAVER PLLC
> 199 Liberty St SW
> Leesburg, VA 20175
> Email: dludwig@dunlapweaver.com
> *Counsel for Plaintiffs*

> /s/ Craig C. Reilly
> Craig C. Reilly, Esq. (VSB # 20942)
> 111 Oronoco Street
> Alexandria, Virginia 22314
> TEL (703) 549-5354
> FAX (703) 549-2604
> craig.reilly@ccreillylaw.com
> *Counsel for Defendants Kim Dotcom and Megaupload, Ltd.*